UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA RENEE DEAKIN,<br><br>Plaintiff,<br><br>v.<br><br>HERMAN PEARL COMPANY d/b/a ANDOVER BRANDS,<br><br>Defendant. | CASE NO. 25-cv-00839-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. # 6. Plaintiff claims discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112, *et seq*. For the reasons below, the Court DIRECTS the Clerk of the Court to forward Plaintiff's Complaint, Dkt. # 4, and Motion to Appoint Counsel, Dkt. # 6, to the Non-prisoner Civil Rights Case Screening Committee for further review.

ORDER - 1

## II

### BACKGROUND

Plaintiff alleges her employment was wrongfully terminated due to her disability. Dkt. # 4 at 4. She says that after being injured in a car accident, her former employer initially reassured her that her job was safe and that she should take as much time as needed to recover. *Id.* at 9. She claims that she then received a termination letter because of her disability and request for accommodations. *Id.* at 8. She further alleges that Defendant has accommodated other employees' disabilities. *Id.* at 9.

Plaintiff submitted these claims to the EEOC and received a notice of her right to sue. Dkt. # 6-1. Plaintiff has also contacted 14 law firms to represent her. Dkt. # 6 at 2. On two separate occasions, her representation was dropped due to her attorneys' workload. *Id.* And she has been otherwise unable to find legal representation. *Id.*

## III

### DISCUSSION

The Court can ask for an attorney to represent a pro se plaintiff in a Title VII civil rights action. *See* 42 U.S.C. § 2000e-5(f)(1) (providing for the appointment of counsel); 42 U.S.C. § 12117(a) (providing that 42 U.S.C. § 2000e-5 applies to ADA claims against employers). A court considers three factors when determining whether counsel should be appointed: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

Plaintiff satisfies the first factor because she is proceeding in forma pauperis (IFP) and represents that her monthly expenses are far greater than her income and savings. Dkt. # 1. The second factor is similarly met because Plaintiff has made diligent efforts to find representation on

ORDER - 2

her own. Dkt. # 6 at 2. Although the Court cannot yet fully weigh the merits of Plaintiffs' claims, the third factor is also met because Plaintiff makes factual allegations that plausibly state discrimination claims. Dkt. # 4 at 4–9.

This District has implemented a plan for court-appointed representation of civil rights litigants. This plan currently permits the Court to forward the case to the Non-prisoner Civil Rights Case Screening Committee for further review regarding the appropriateness of appointing pro bono counsel. See General Order 07-23 § 2(c)–(f) (W.D. Wash. Sept. 8, 2023).

## IV

### CONCLUSION

Accordingly, the Courts ORDERS:

1. The Clerk of the Court to forward the Complaint, Dkt. # 4, and Motion to Appoint Counsel, Dkt. # 6, to the Non-prisoner Civil Rights Case Screening Committee.

2. The Non-prisoner Civil Rights Case Screening Committee to review the case and make a recommendation to the Court as to whether the appointment of pro bono counsel is warranted in this case, in accordance with General Order 07-23, on or before **June 30, 2025**.

Plaintiff is reminded that this referral does not guarantee counsel will be appointed.

Dated this 28th day of May, 2025.

John H. Chun
United States District Judge